**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bradley D. Proctor,          )<br>                              )<br>            Plaintiff,     ) | No. CIV 11-0754-PHX-RCB |
|           vs.                )<br>                              )<br>Corrections Corp. of      )<br>America, *et al.*            )<br>                              )<br>            Defendants.    ) | O R D E R |

Currently pending before the court is plaintiff *pro se*'s motion "Seeking Clarification of the Record, Order to Remand, and Reconsideration[.]" (Doc. 38) at 1 (emphasis omitted). Relying upon Local Rules of Civil Procedure ("LRCiv") 7.2(g)(2),[1] and construing the foregoing as a motion for reconsideration, defendants Virginia Cox, William Crane, and Lois Miracle ("the defendants") filed a "Notice of Non-

---

[1] That Rule provides in relevant part that "[n]o response to a motion for reconsideration . . . may be filed unless ordered by the Court[.]" LRCiv 7.2(g)(2). Because the court did not deem it necessary, the defendants were not required to file a response to the pending reconsideration motion.

1  Response" to plaintiff's motion.  Not. (Doc. 39) at 12-14
2  (emphasis omitted).  Because, as discussed below, plaintiff's
3  motion is untimely, the court will deny it.

### *Background*

5      The court assumes familiarity with its order filed
6  February 13, 2012, requiring the defendants to answer certain
7  claims in the First Amended Complaint ("FAC"), but
8  "dismiss[ing] the remaining claims and Defendants with or
9  without prejudice[]" as specified therein.  Ord. (Doc. 34) at
10 1:23-24.  In the pending motion, plaintiff is seeking
11 reconsideration of several aspects of that order.  First,
12 plaintiff is seeking reconsideration of this court's decision
13 "declin[ing] to exercise supplemental jurisdiction over any
14 state law claims against . . . defendants" Corrections
15 Corporation of America, John Doe Flores; Jane Doe Alfaro, and
16 John Doe DeLash.[2]  See id. at 9:26-27 (citing 28 U.S.C.
17 § 1367(c)).  Second, plaintiff contends that the FAC "clearly
18 indicate[s] an absence of federal jurisdiction[;]" hence,
19 "the court is obliged to reconsider . . . the issue of
20 jurisdiction."  See id. at 8.  Third, the plaintiff
21 specifically seeks "reconsideration," as he frames it, on
22 "the issue of retaining an unpled jurisdiction over the three
23 remaining defendants Crane, Cox, and Miracle."  Id.

### *Discussion*

25      In accordance with LRCiv 7.2(g)(2), "[*a*]*bsent good cause*

---

[2] Plaintiff is "question[ing] this court's authority to" decline to exercise supplemental jurisdiction over any state law claims, and, thus, as he views it, "leav[ing] [such] claims in limbo where [this court] has disavowed jurisdiction in those matters."  Mot. (Doc. 38) at 4.

-2-

shown, any motion for reconsideration *shall* be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2) (emphasis added). Where, as here, service upon plaintiff was by mail, the court adds three days to this deadline in accordance with Fed.R.Civ.P. 6(d), for a total of 17 days.

Plaintiff Proctor is seeking reconsideration of this court's order filed February 13, 2012, and served upon him by mail on that same date. Computing the time in the manner just described, plaintiff thus had until March 1, 2012, by which to file his reconsideration motion. Plaintiff did not do that, however. Instead, he waited until March 21, 2012, to file that motion. Further, plaintiff did not address the good cause standard which "primarily considers the diligence of the party filing the untimely motion." See Chavez v. CCA/Eloy Detention Center, 2008 WL 2225759, at *1 (D. Ariz. May 28, 2008) (citing Johnson v. Mammoth Recreation, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). On this record, the court conceives of no reason why plaintiff did not act diligently in filing this reconsideration motion. This basis alone – untimeliness – warrants denial of plaintiff's reconsideration motion. See id. (citing Baker v. D.A.R.A. II, Inc., . . . , 2008 WL 824000, at * 1 (D.Ariz. Mar. 25, 2008) (denying untimely motion for reconsideration where "good cause [had] not been shown.") (citing, in turn, LRCiv 7.2(g)(2)); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Ghazali v. Moran, 46 F.3d 52, 54

- 3 -

1  (9th Cir. 1995) ("Failure to follow a district court's local
2  rules is a proper ground for dismissal.")).

### *Conclusion*

Because plaintiff Proctor's reconsideration motion was not timely filed in accordance with LRCiv 7.2(g)(2), and because he did not establish the requisite good cause for that timely filing, the court hereby **DENIES** his "Motion Seeking Clarification of the Record, Order to Remand and Reconsideration" (Doc. 38) (emphasis omitted).

DATED this 4th day of June, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

-4-