**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley D. Proctor, | No. CV 11-0754-PHX-RCB (DKD) |
| Plaintiff, | **O R D E R** |
| vs. | |
| Corrections Corporation of America, et al., | |
| Defendants. | |

Plaintiff Bradley D. Proctor was an Alaskan inmate who was, during the relevant time period, in the custody of the Red Rock Correctional Center (RRCC) in Eloy, Arizona, pursuant to a contract between the State of Alaska Department of Corrections and Corrections Corporation of America (CCA). Plaintiff filed this civil rights Complaint, alleging federal and state-law claims regarding medical care. (Doc. 33.) The remaining Defendants—Cox, Crane, and Miracle—move to dismiss the federal claim on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).[1] (Doc. 51.) They also seek to dismiss the state-law claims on the ground that Plaintiff failed to disclose an expert witness and, therefore, will be unable to comply with Ariz. Rev. Stat. § 12-563, which requires proof of breach of the standard of care and that such breach was the proximate cause of the injury. (Id.)

The Court will grant the motion as to the Eighth Amendment claim, decline

---

[1] The Court provided Plaintiff a Notice as required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 52.)

supplemental jurisdiction on the state law claims, and terminate the action.

## I. Background

Plaintiff's claims arise out of a fall from his upper bunk on December 4, 2008. Plaintiff suffered injuries requiring reconstructive facial surgery and follow-up surgery. (Doc. 33.) Plaintiff alleged that Defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment, and that they were negligent and committed medical malpractice, in violation of state law. (Id.) The remaining claims and Defendants were dismissed on screening. (Doc. 34.)

## II. Plaintiff's Response is Untimely

Plaintiff was granted two extensions of time to file his response. (Docs. 57, 61.) The response was due December 17, 2012. (Doc. 61.) Plaintiff's response is dated December 21, 2012; it is, therefore, untimely. (Doc. 63.) Plaintiff was advised that if he failed to respond, the Court could treat the failure to respond as consent to granting Defendants' motion. (Doc. 52.)

As discussed below, even if the Court considers the response, the Court will dismiss the action.

## III. Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies

### A. Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement

in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Parties' Contentions

In support of their motion, Defendants submit the affidavit of Carl Richey, RRCC Grievance Coordinator (Doc. 51, Ex. 1, Richey Aff. ¶ 1); State of Alaska Prisoner Grievance Procedure 808.03 (id., Ex. A); Grievance Log (id., Ex. B); and Plaintiff's Grievances (id. Exs. C-E).

Defendants assert that at the time relevant to Plaintiff's Complaint, RRCC had a grievance procedure governed by Policy 808.03. (Id., Richey Aff. ¶ 4-6.) The procedure consists of three steps: (1) an informal resolution, (2) a formal grievance, and (3) an appeal and final determination. Defendants assert that according to Plaintiff's grievance file, Plaintiff did not file a grievance regarding the claims in his First Amended Complaint. (Id. ¶¶ 28, 34.)

Plaintiff responds that "every time he attempted to commence the grievance process, that effort was thwarted by corrections officials." (Doc. 63 at 3.) He also argues that under Alaska law, he is not required to exhaust administrative remedies. (Id.) Defendants reply that the case on which Plaintiff relies is inapplicable to Plaintiff's federal claim and that Plaintiff offers nothing but a bald allegation that he was thwarted in his effort to file a grievance. (Doc. 64 at 2-3.)

### C. Analysis

The Court finds that Plaintiff failed to exhaust administrative remedies on the Eighth Amendment claim. Defendants provide evidence of an available administrative remedy and Plaintiff's failure to properly exhaust under that process, and Plaintiff fails to provide a legally sufficient excuse for his failure to exhaust.

As noted, the PLRA requires exhaustion of administrative remedies for federal claims. Plaintiff's authority, Hymes v. DeRamus, 222 P.3d 874 (Alaska 2010), relates to a prisoner's

1 state-law claim. Plaintiff's conclusory allegation that he was thwarted in his efforts to file a grievance is insufficient to excuse a failure to exhaust his deliberate indifference claim. Plaintiff does not state when he attempted to file or who thwarted his efforts.

The Court will dismiss the Eighth Amendment claim without prejudice.

## IV. Defendants' Motion to Dismiss State Law Claims for Failure to Comply with Ariz. Rev. Stat. § 12-563

Because the Court has dismissed the federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994). The Court notes that in terms of "substantial preparation" on the supplemental claims, little activity appears to have occurred in this case. 28 U.S.C. §1367(c)(3), see Commentary on 1988 Revision, Discretionary Rejection of Supplemental Jurisdiction. Service of process on Defendants was not completed until April 27, 2012, and no Scheduling Order was issued until May 22, 2012. (Docs. 40-42, 45.) The discovery deadline was August 20, 2012, and the present motion was filed October 12, 2012. (Docs. 45, 51.)

The Court will not, however, remand this case because it was removed to the United States District Court of Alaska after being initially brought in the Alaska Superior Court. (Doc. 12 at 1-2.) As noted in the Transfer Order from the United States District Court of Alaska, the action should have been brought in Arizona because all Defendants are residents of Arizona and Plaintiff alleges that the action supporting the complaint occurred in Arizona. (Id.) Therefore, the Court will dismiss the state law claims without prejudice to Plaintiff refiling them in State Court in Arizona.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 51).

(2) Defendants' Motion to Dismiss (Doc. 51) is **granted as to the Eighth Amendment claim, which is dismissed without prejudice**; **the remaining claims are also dismissed without prejudice.**

(3) Pending motions are denied as moot.

(4) The action is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 31st day of January, 2013.

_____
Robert C. Broomfield
Senior United States District Judge